**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

DAVID HARRELL,

      Petitioner,

      v.

DEREK EDGE, Warden,[1]

      Respondent.

CIVIL ACTION NO.: 2:17-cv-132

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner David Harrell ("Harrell"), an inmate at the Federal Correctional Institute in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. (Doc. 1.)  The Southern District of Florida construed that Petition as being brought pursuant to 28 U.S.C. § 2241 and transferred the Petition to this Court.  (Docs. 7, 8.)  I have conducted a preliminary review of Harrell's claims as required by Rule 4 of the Rules Governing Section 2254 Cases.[2]  For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Harrell's Petition and **CLOSE** this case.  I also **RECOMMEND** the Court **DENY** Harrell *in forma pauperis* status on appeal.

---

[1] The only proper respondent in this Section 2241 action is the inmate's immediate custodian—the warden of the facility where the inmate is confined.  See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004).  As Derek Edge is the Warden at FCI Jesup, the Court **AUTHORIZES** and **DIRECTS** the Clerk of Court to change the name of Respondent to Derek Edge, Warden, upon the docket and record of this case.

[2] Though this is a Section 2241 action, Rule 1(b) of the Rules governing petitions brought under 28 U.S.C. § 2254 provides that the Court "may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

**BACKGROUND**

In his Petition, Harrell takes issue with the Federal Bureau of Prisons' ("BOP")

calculation of his current sentence.  Though Harrell's Petition is not clear, it appears he was

sentenced for violating the terms of his supervised release on July 6, 2017, in the United States

District Court for the Southern District of Florida in Case Number 96-CR-22.  (Doc. 1, p. 1;

Doc. 1-1.)  Harrell contends that while his supervised release case was pending, the United States

Magistrate Judge placed him on "electronic monitoring home detention" on June 16, 2017.

(Doc. 1-1, p. 1.)  He remained subject to these conditions until his sentencing hearing before the

District Judge on July 6, 2017.  (Id.)  Harrell effectively maintains that his time subject to these

conditions constitutes "physical custody," and he argues that the BOP has erroneously failed to

give him credit towards his sentence for this time.  (Id. at p. 2.)  He requests that the Court order

he be given twenty-one (21) days credit toward his current sentence for the time he spent on

"electronic monitoring home detention."  (Id.)

**DISCUSSION**

**I.     Standard of Review**

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must
> promptly examine [the petition].  If it plainly appears from the petition and any
> attached exhibits that the petitioner is not entitled to relief in the district court, the
> judge must dismiss the petition and direct the clerk to notify the petitioner.

Under Rule 2(c), "[h]abeas corpus petitions must meet heightened pleading requirements."

McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)).  While

pursuant to Federal Rule of Civil Procedure 8(a), complaints in a civil case must contain only "a

short and plain statement of the claim showing that the pleader is entitled to relief," petitions for

habeas corpus must "specify all the grounds for relief available to the petitioner" and "state the

2

facts supporting each ground." Rule 2 of Rules Governing Section 2254 Cases. In other words, habeas petitions must contain "fact pleading as opposed to notice pleading." Hittson v. GDCP Warden, 759 F.3d 1210, 1265 (11th Cir. 2014) (internal quotations and citations omitted). "To properly fact plead, 'a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.'" Arrington v. Warden, GDCP, No. CV 117-022, 2017 WL 4079405, at *2 (S.D. Ga. Sept. 14, 2017) (quoting Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990)). Therefore, a habeas petitioner cannot merely levy conclusory allegations but must support his claims with specific factual detail. Id. (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

## II.     Dismissal on the Merits

Even assuming Harrell has exhausted his administrative remedies, his Petition is meritless substantively. Generally, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). Harrell seeks prior custody credit towards his sentence for the twenty-one days between his appearance before the Magistrate Judge on his supervised release petition and the date of his sentencing. (Docs. 1, 1-1.) Harrell labels his release status during this time as "home detention," and it appears from the description of his release terms that he was actually on pretrial release with some conditions. Indeed, even if Harrell spent this time on home detention as he claims, he would not receive credit towards his sentence for those days. In Reno v. Koray, the United States Supreme Court held that "credit for time spent in 'official detention' under §

3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' [18 U.S.C.] § 3621(b), and who were subject to [the] BOP's control." 515 U.S. 50, 58 (1995); see also Rodriguez v. Lamer, 60 F.3d 745, 747–48 (11th Cir.1995) (following Koray and holding that time spent under house arrest is not "official detention" under § 3585(b)); Jackson v. Keller, No. 2:10CV504-TMH, 2012 WL 4127627, at *2 (M.D. Ala. June 28, 2012) (time [petitioner] spent in pretrial home detention did not constitute 'official detention' within the meaning of 18 U.S.C. § 3585(b) and he is not entitled to the sentencing credit he seeks), *report and recommendation adopted*, 2012 WL 4127624 (M.D. Ala. Sept. 18, 2012).  It is clear from Harrell's Petition that prior to the commencement of his sentence, Harrell was not in a penal or correctional facility and he was not in the control of the BOP or of the Attorney General.  Rather, the most that he claims in his Petition is that he was "on electronic monitoring home detention." (Doc. 1-1, p. 2.)  These conditions fall far short of the detention contemplated by Section 3585(b) and described by the Supreme Court in Koray.

Thus, Harrell is not entitled to credit for the time he requests, and the Court should **DENY** his claims on the merits.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Harrell leave to appeal *in forma pauperis*.  Though Harrell has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691

4

(M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Harrell, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Harrell's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Harrell *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Harrell's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Harrell *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve Harrell with a copy of this Report and Recommendation.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of May, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA